**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| TRANSTEX LLC, and TRANSTEX COMPOSITES INC.<br><br>Plaintiffs,<br><br>v.<br><br>WABCO HOLDINGS INC. and LAYDON COMPOSITES LTD.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:17-cv-00290 -JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

# AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Transtex LLC and Transtex Composites Inc. (collectively, "Transtex"), by and through their attorneys, hereby file this Amended Complaint against Defendants WABCO Holdings Inc. ("WABCO") and Laydon Composites Ltd. ("Laydon") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to end Defendants' unauthorized and infringing manufacture, use, sale, offering for sale, and/or importation of methods and products incorporating Transtex's patented inventions.

## PARTIES

2. Plaintiff Transtex LLC is a limited liability company organized and existing under the laws of the State of Indiana, with its principal place of business at 521 South Enterprise Blvd., Lebanon, Indiana 46052. Transtex LLC develops, markets, and sells throughout the United States aerodynamic products for commercial vehicle applications.

3. Plaintiff Transtex Composite Inc. is company organized and existing under the

laws of the Quebec, Canada, with its principal place of business at 6200 Henri-Bourassa Ouest, Montreal, Quebec, Canada, H4R 1C3. Transtex Composite Inc. specializes in the development and manufacturing of aerodynamic products for commercial vehicle applications.

4. Defendant WABCO Holdings Inc. is a Delaware registered corporation, having a registered agent, The Corporation Trust Company, at 1209 Orange St., Wilmington, Delaware 19801; having a United States headquarters at 2770 Research Drive, Rochester Hills, Michigan 48309; and having additional United States facilities in Troy, Michigan and North Charleston, South Carolina.

5. Defendant Laydon Composites Ltd. is a Canadian company headquartered at 2109 Wyecroft Rd, Oakville, Ontario, Canada, L6L 5L7. According to publicly available information, WABCO acquired Laydon in 2016 in order to increase WABCO's access to North America and offer, among other products, trailer skirts for heavy trucks.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act (35 U.S.C. §§ 1 *et seq*.).

7. This Court has subject matter jurisdiction over this action pursuant to Title 28, Sections 1331 and 1338 of the United States Code.

8. Upon information and belief, Defendants conduct or have conducted substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this district.

9. Venue is proper in this Judicial District under Title 28, Sections 1391 and 1400(b) of the United States Code at least because Defendants transact business in this District and because Defendants have committed and continue to commit acts of patent infringement in this

District as alleged herein.

**PATENTS-IN-SUIT**

10. Transtex is the owner of all rights, title, and interest in and to United States Patent No. 7,748,772 (the ’772 patent), United States Patent No. 7,887,120 (the ’120 patent), United States Patent No. 7,942,467 (the ’467 patent), United States Patent No. 7,942,469 (the ’469 patent), United States Patent No. 7,942,471 (the ’471 patent), United States Patent No. 8,292,351 (the ’351 patent), United States Patent No. 8,449,017 (the ’017 patent), and United States Patent No. 8,678,474 (the ’474 patent), (collectively, “the Patents-in-Suit”).

11. Figure 1 of the each of the Patents-in-Suit is substantially similar and reproduced below. As shown in the figure, the Patents-in-Suit are generally directed to aspects of aerodynamic trailer skirt panels (32) that can be mounted on trailers to improve the aerodynamic efficiency of the trailer. The skirt can be located under the road trailer (20), between the wheels (12) of the road tractor (10) and the wheels (26) of the road trailer.




*FIG. 1*

12. An aerodynamic side skirt for tractor trailers is highlighted in yellow in Figure 1. The aerodynamic side skirt may be made of one or more skirt panels. The trailer skirt panels can

utilize, *inter alia*, a number of resilient struts that allow the panels to move or deflect. The skirt assembly helps maintain laminar flow of air around the road trailer to reduce air drag and improve fuel efficiency. The skirt assembly can also improve vehicle safety by providing a barrier to foreign objects on the road.

13. The ’772 patent, entitled “Resilient Aerodynamic Trailer Skirts” was duly and lawfully issued by the U.S. Patent and Trademark Office (USPTO) on July 6, 2010. The USPTO issued an *ex parte* reexamination certificate on June 27, 2013 for the ’772 patent in which Claims 1, 13, and 16 were determined to be patentable as amended, and Claims 2-12, 14, 15, 17, and 18, dependent on an amended claim, were determined to be patentable. New Claims 19-24 were added and determined by the USPTO to be patentable. A true and correct copy of the ’772 patent is attached hereto as Exhibit A.

14. The ’120 patent, entitled “Aerodynamic Trailer Skirts” was duly and lawfully issued by the USPTO on February 15, 2011. The USPTO issued an *ex parte* reexamination certificate on August 12, 2013 for the ’120 patent in which Claims 1, 12, 15, 20, 32, 35, 38, 61, and 68 were determined to be patentable as amended, and Claims 2-11, 13, 14, 16-19, 21-31, 33, 34, 36, 37, 39-60, and 62-67, dependent on an amended claim, were determined to be patentable. New Claims 69-86 were added and determined by the USPTO to be patentable. A true and correct copy of the ’120 patent is attached hereto as Exhibit B.

15. The ’467 patent, entitled “Aerodynamic Skirt Support Member” was duly and lawfully issued by the USPTO on May 17, 2011. The USPTO issued an *ex parte* reexamination certificate on June 30, 2013 for the ’467 patent in which Claims 1, 11, 15, and 18 were determined to be patentable as amended, and Claims 2-10, 12-14, 16, 17, 19, and 20, dependent on an amended claim, were determined to be patentable. New Claims 21-28 were added and

determined by the USPTO to be patentable. A true and correct copy of the ’467 patent is attached hereto as Exhibit C.

16. The ’469 patent, entitled “Aerodynamic Skirt Panel” was duly and lawfully issued by the USPTO on May 17, 2011. The USPTO issued an *ex parte* reexamination certificate on August 1, 2013 for the ’469 patent in which Claims 1, 11, and 19 were determined to be patentable as amended, and Claims 2-10, 12-18, and 20, dependent on an amended claim, were determined to be patentable. New Claims 21-26 were added and determined by the USPTO to be patentable. A true and correct copy of the ’469 patent is attached hereto as Exhibit D.

17. The ’471 patent, entitled “Aerodynamic Skirt Shape” was duly and lawfully issued by the USPTO on May 17, 2011. The USPTO issued an *ex parte* reexamination certificate on August 1, 2013 for the ’471 patent in which Claims 1, 10, and 19 were determined to be patentable as amended, and Claims 2-9, 11-18, and 20, dependent on an amended claim, were determined to be patentable. New Claims 21-26 were added and determined by the USPTO to be patentable. A true and correct copy of the ’471 patent is attached hereto as Exhibit E

18. The ’351 patent, entitled “Resilient Strut for Aerodynamic Skirt” was duly and lawfully issued by the USPTO on October 23, 2012. A true and correct copy of the ’351 patent is attached hereto as Exhibit F.

19. The ’017 patent, entitled “Aerodynamic Skirt Resilient Member” was duly and lawfully issued by the USPTO on May 28, 2013. A true and correct copy of the ’017 patent is attached hereto as Exhibit G.

20. The ’474 patent, entitled “Self-repositioning Aerodynamic Skirt” was duly and lawfully issued by the USPTO on March 25, 2014. A true and correct copy of the ’474 patent is attached hereto as Exhibit H.

21. Transtex presently, and during all relevant times, owns all rights, title, and interest to the Patents-in-Suit, including the rights to sue and recover for any current or past infringement of the patent as well as the right to exclude others from infringing activities.

**THE ACCUSED PRODUCTS**

22. Defendants make, or direct the making of, two styles of trailer skirts, a flat panel style and a wishbone style.

23. Laydon makes and offers for sale in the United States various flat panel trailer skirts under the tradename TrailerSkirt®. For example, Laydon makes and offers for sale model numbers TS248 and TS259, which are advertised and sold as single-panel, and three-panel, flat panel trailer skirts. Laydon's assembly instructions for the single-panel model numbers TS248 and TS259 are attached as Exhibit I. Laydon's assembly instructions for three-panel model numbers TS248 and TS259 are attached as Exhibit J.

24. An example of Laydon's flat panel trailer skirts that it advertises is provided in the picture below.




www.laydoncomp.com/flat-panel.php, accessed March 24, 2017.

25. WABCO markets and sells a trailer skirt that is substantially similar to the Laydon skirt. For example, during the American Trucking Association's March 2017 Technology and Maintenance Council Meeting and Exhibition in Nashville, Tennessee, WABCO offered the flat panel trailer skirt shown below.



26. An expanded view of the top-left of the trailer skirt shows the WABCO brand name:




27. Defendants' flat panel trailer skirts include each and every element of at least one claim of the Patents-in-Suit.

28. For example, claim 1 of the '351 patent sets forth "[a]n aerodynamic skirt assembly adapted to be mounted to an underside of a trailer and reduce air drag by the trailer." According to Laydon's website, the accused flat panel skirts are mounted to an underside of a trailer and are "[a]erodynamically designed and tested for proven fuel savings."

www.laydoncomp.com/flat-panel.php.

Defendants' skirt panel includes a front portion and a rear portion and is adapted to be mounted to the underside of the trailer along the length of a trailer.



Exhibits I and J.



Exhibit J.

The accused trailer skirts include a plurality of resilient struts, including a first end adapted to be mounted to the trailer, and a second end adapted to be secured to the skirt panel. In particular, the accused trailer skirts include resilient struts that can be attached at their tops to I-beams on the underside of the trailer, as shown below on the left. The bottoms of the resilient struts are attached to the flat panel, as shown on the right.





Exhibit J.

The accused trailer skirts have an original position before being elastically deformed, and the skirt panels are characterized in that the skirt panels can sustain substantial elastic deformation when impacted by a foreign object and to return substantially to the original position when the skirt panel is no longer being impacted by the foreign object. For example, according to Laydon, "[t]he struts are made of high rubber for extreme durability and two way flexibility in hot or cold weather." www.laydoncomp.com/flat-panel.php. As shown below, the accused trailer skirt can elastically deform, for example when impacted by a street curb or raised ground as the trailer turns a corner.




Further, the resilient struts are characterized in that they can sustain substantial elastic deformation when the skirt panel is impacted by a foreign object and to return substantially to the original position when the skirt panel is no longer being impacted by the foreign object. For

example, according to Laydon, "[t]he struts are made of high rubber for extreme durability and two way flexibility in hot or cold weather." www.laydoncomp.com/flat-panel.php. Further, the "[r]ubberized strut allows flexing in both directions." *Id.*

29. Defendants' accused trailer skirts also include, for example as set forth in Claim 1 of the '772, '120, and '469 patents, a front portion adapted to be laterally proximally mounted toward a forward portion of the trailer and a rear portion adapted to be laterally distally mounted. Defendants' accused trailer skirts also include, for example as set forth in Claim 1 of the '772 and '120 patents, a curved portion between the front and rear portions.



30. Defendants' accused trailer skirts also include, for example as set forth in Claim 1 of the '471 patent, a front portion having a front height and the rear portion having a rear height, the front height being shorter than the rear height, as shown below.




Exhibit K.

31. In addition to flat panel models, Defendants make, or direct the making of, a

wishbone style of trailer skirts. For example, Laydon makes and offers for sale model number TS225, which is depicted below. Laydon's assembly instructions for model number TS225 are attached as Exhibit L.







32. Defendants' wishbone-style of trailer skirts includes each and every element of at least one claim of the '772, '351, and '017 patents.

33. For example, claim 1 of the '351 Patent sets forth "[a]n aerodynamic skirt assembly adapted to be mounted to an underside of a trailer and reduce air drag by the trailer." According to Laydon's website, the accused wishbone skirts are mounted to an underside of a trailer and are "[a]erodynamically designed and tested for proven fuel savings." www.laydoncomp.com/wishbone.php. See also, Exhibit L, p.1 ("Select the nearest trailer 'I-Beam' which allows 7" to 10" of clearance forward of the mark made identifying the end of the 'Rear Side Panel'. This is where the first 'Standard Mono Clamp Assembly' (TRAS921) will be installed. Hang the Clamping assembly onto this 'I-Beam'.").

The accused skirt panels include a front portion and a rear portion adapted to be mounted to the underside of the trailer along the length of a trailer.




Exhibit L, p.1.




Exhibit L, p.2.

Defendants' accused wishbone-style of trailer skirts also include a plurality of resilient struts, including a first end adapted to be mounted to the trailer and a second end adapted to be secured to the skirt panel, as shown below from Exhibit L.








The struts of Defendants' accused wishbone-style of trailer skirts have an original position before being elastically deformed and both the struts and the panel can sustain substantial elastic deformation when impacted by a foreign object and to return substantially to the original position when the skirt panel is no longer being impacted by the foreign object. For example, according to Laydon, "[t]he struts are made of high rubber for extreme durability and flexibility in hot or cold weather." www.laydoncomp.com/wishbone.php. Further, the

"[r]ubberized strut allows flexing in both directions" www.laydoncomp.com/wishbone.php.

34. Defendants' accused wishbone trailer skirts also include, for example as set forth in Claim 13 of the '772 patent, a front portion being adapted to be laterally proximally mounted toward a forward portion of the trailer and the rear portion being adapted to be laterally distally mounted in respect with the forward portion toward a rear potion of the trailer, as shown below. The skirt panel defines a curved portion (circled in red below) between the front portion and the rear portion when mounted on the trailer in an aerodynamic configuration.




See Exhibit L, p.2.

**COUNT I – INFRINGEMENT OF US PATENT NO. 7,748,772**

35. Transtex incorporates each of the preceding paragraphs 1-34 as if fully set forth herein.

36. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least claims 1 and 13 of the '772 patent.

37. More particularly, Laydon's TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO's substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the '772 patent.

38. Further, Laydon's TrailerSkirt model number TS225, as well as WABCO's substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 13 of the '772 patent.

39. Defendants' infringement of the '772 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the '772 patent.

40. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants' infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41. Defendants have had constructive notice of the '772 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the '772 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

42. Defendants' infringement of the '772 patent has been willful since at least Laydon's first making, using, offering to sell, selling, and/or importing its TrailerSkirt and TS225 models of trailer skirts.

43. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

**COUNT II – INFRINGEMENT OF US PATENT NO. 7,887,120**

44. Transtex incorporates each of the preceding paragraphs 1-43 as if fully set forth herein.

45. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the ’120 patent.

46. More particularly, Laydon’s TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO’s substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the ’120 patent.

47. Defendants’ infringement of the ’120 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the ’120 patent.

48. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants’ infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49. Defendants have had constructive notice of the ’120 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the ’120 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

50. Defendants’ infringement of the ’120 patent has been willful since at least Laydon’s first making, using, offering to sell, selling, and/or importing its TrailerSkirt.

51. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to

enhanced damages, attorneys' fees, and litigation expenses incurred.

**COUNT III – INFRINGEMENT OF US PATENT NO. 7,942,467**

52. Transtex incorporates each of the preceding paragraphs 1-51 as if fully set forth herein.

53. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the '467 patent.

54. More particularly, Laydon's TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO's substantially similar trailer skirts, and Laydon's trailer skirt model TS225, as well as WABCO's substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the '467 patent.

55. Defendants' infringement of the '467 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the '467 patent.

56. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants' infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57. Defendants have had constructive notice of the '467 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the '467 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed

on March 21, 2012).

58. Defendants' infringement of the '467 patent has been willful since at least Laydon's first making, using, offering to sell, selling, and/or importing its TrailerSkirt and TS225 models of trailer skirts.

59. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

**COUNT IV – INFRINGEMENT OF US PATENT NO. 7,942,469**

60. Transtex incorporates each of the preceding paragraphs 1-59 as if fully set forth herein.

61. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the '469 patent.

62. More particularly, Laydon's TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO's substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the '469 patent.

63. Defendants' infringement of the '469 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the '469 patent.

64. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants' infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65. Defendants have had constructive notice of the '469 patent pursuant to 35 U.S.C.

§ 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the ’469 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

66. Defendants’ infringement of the ’469 patent has been willful since at least Laydon’s first making, using, offering to sell, selling, and/or importing its TrailerSkirt.

67. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys’ fees, and litigation expenses incurred.

**COUNT V – INFRINGEMENT OF US PATENT NO. 7,942,471**

68. Transtex incorporates each of the preceding paragraphs 1-67 as if fully set forth herein.

69. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the ’471 patent.

70. More particularly, Laydon’s TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO’s substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the ’471 patent.

71. Defendants’ infringement of the ’471 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the ’471 patent.

72. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants’ infringing activities in an amount subject to proof at trial, including but not

limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

73. Defendants have had constructive notice of the ’471 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the ’471 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

74. Defendants’ infringement of the ’471 patent has been willful since at least Laydon’s first making, using, offering to sell, selling, and/or importing its TrailerSkirt.

75. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys’ fees, and litigation expenses incurred.

**COUNT VI – INFRINGEMENT OF US PATENT NO. 8,292,351**

76. Transtex incorporates each of the preceding paragraphs 1-75 as if fully set forth herein.

77. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the ’351 patent.

78. More particularly, Laydon’s TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO’s substantially similar trailer skirts, and Laydon’s trailer skirt model TS225, as well as WABCO’s substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the ’351 patent.

79. Transtex is entitled to recover from Defendants the damages it has sustained as a

result of Defendants' infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

80. Defendants have had constructive notice of the '351 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the '351 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

81. Defendants' infringement of the '351 patent has been willful since at least Laydon's first making, using, offering to sell, selling, and/or importing its TrailerSkirt and TS225 models of trailer skirts.

82. Defendants' infringement of the '351 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the '351 patent.

83. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

**COUNT VII – INFRINGEMENT OF US PATENT NO. 8,449,017**

84. Transtex incorporates each of the preceding paragraphs 1-83 as if fully set forth herein.

85. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the '017 patent.

86. More particularly, Laydon's TrailerSkirt model numbers TS248 and TS259, both

single-panel and three-panel flat panel variants, as well as WABCO's substantially similar trailer skirts, and Laydon's trailer skirt model TS225, as well as WABCO's substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents, of at least claim 1 of the '017 patent.

87. Defendants' infringement of the '017 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the '017 patent.

88. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants' infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

89. Defendants have had constructive notice of the '017 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the '017 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

90. Defendants' infringement of the '017 patent has been willful since at least Laydon's first making, using, offering to sell, selling, and/or importing its TrailerSkirt and TS225 models of trailer skirts.

91. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

**COUNT VIII – INFRINGEMENT OF US PATENT NO. 8,678,474**

92. Transtex incorporates each of the preceding paragraphs 1-91 as if fully set forth

herein.

93. Without license or authority and in violation of 35 U.S.C. §271(a), Defendants make, use, offer to sell, or sell within the United States or import into the United States flat panel trailer skirts that include each and every element of at least one claim of the ’474 patent.

94. More particularly, Laydon’s TrailerSkirt model numbers TS248 and TS259, both single-panel and three-panel flat panel variants, as well as WABCO’s substantially similar trailer skirts, include each and every element, either literally or under the doctrine of equivalents,, either literally or under the doctrine of equivalents, of at least claim 1 of the ’474 patent.

95. Defendants’ infringement of the ’474 patent has caused and will continue to cause Transtex irreparable injury and harm for which there is no adequate remedy at law unless and until Defendants are permanently enjoined by this Court from infringing the ’474 patent.

96. Transtex is entitled to recover from Defendants the damages it has sustained as a result of Defendants’ infringing activities in an amount subject to proof at trial, including but not limited to lost profits, and in any event not less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

97. Defendants have had constructive notice of the ’474 patent pursuant to 35 U.S.C. § 287(a). Moreover, Laydon had actual notice or such knowledge should be imputed to Laydon at least as early as the publication date of the ’474 patent based on the existing relationship between Transtex and Laydon related to prior litigation for patent infringement. *See Transtex Composite, Inc. v. Laydon Composites Ltd.*, Civil Case No. 3:12-cv-150-JBC (W.D. KY.) (filed on March 21, 2012).

98. Defendants’ infringement of the ’474 patent has been willful since at least Laydon’s first making, using, offering to sell, selling, and/or importing its TrailerSkirt.

99. This is an exceptional case under 35 U.S.C. § 285, and Transtex is entitled to enhanced damages, attorneys' fees, and litigation expenses incurred.

**DEMAND FOR JUDGMENT**

WHEREFORE, Transtex requests the following relief:

1. A judgment that Defendants' making, using, offering to sell, selling within, and/or importing to, the Eastern District of Texas and elsewhere in the United States, the accused trailer skirt products infringe one or more claims of the Patents-in-Suit, in violation of 35 U.S.C. § 271(a);

2. A judgment that Defendants have willfully infringed the Patents-in-Suit;

3. An award of damages adequate to compensate for Defendants' infringement of the claims of the Patents-in-Suit under 35 U.S.C. § 284, together with interest and costs as fixed by the Court;

4. An award of enhanced damages against Defendants' for the willful infringement of the Patents-in-Suit;

5. A determination that this is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of Transtex's reasonable attorneys' fees;

6. An injunction, pursuant to 35 U.S.C. § 283, permanently prohibiting Defendants from infringing any claims of the Patents-in-Suit prior to the latest expiration date of the patents, including any extensions;

7. Such other costs and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Transtex requests a trial by jury on all triable issues.

Respectfully Submitted,

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux
Texas Bar No. 05770585
Capshaw DeRieux LLP
114 E. Commerce St.
Gladewater, Texas 75647
903 845-5770
ederieux@capshawlaw.com

John M. Caracappa
DC Bar No. 476543
jcaracappa@steptoe.com
Scott M. Richey
DC Bar No. 1013446
srichey@steptoe.com
Beau Goodrick
CA Bar No. 311097
bgoodrick@steptoe.com
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902

***Attorneys for Plaintiff Transtex LLC and Transtex Composite Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record are being served this July 17, 2017 with a copy of this document via deposit into first class mail, addressed to their respective headquarter addresses listed in the Original Complaint.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux